**WONG FOOK JUNG v. WEEDIN, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit., November 15, 1926.)

No. 4840.

1. Aliens ⊂⇒32(8).

Evidence *held* insufficient to establish right of person of Chinese race to entry as native-born citizen of United States.

2. Aliens ⊂⇒32(8).

Testimony to establish nativity of Chinese person claiming citizenship scrutinized with care, in view of his having lived in China 40 years, there marrying and raising family, and making no prior claim of citizenship.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Petition by Wong Fook Jung against Luther Weedin, Commissioner of Immigration at the Port of Seattle, Washington, for writ of habeas corpus. Judgment for defendant, and petitioner appeals. Affirmed.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. Appellant sought admission upon the ground that he is a citizen of the United States of Chinese descent. His application was denied by the immigration officials, and the court below dismissed his petition for a writ of habeas corpus.

[1] He claims to have been born in Portland, Or., in 1886. Two years later, so he contends, his father took him and his brother and mother to China, where he resided until 1925, when he made the application under consideration. Whether his father is now living is not known; he has not been heard from for 17 or 18 years, and no one of the witnesses knew where or when he died, if in fact he is dead.

For the place and date of his birth, appellant relies largely upon the testimony of one who claims to be his father's brother and of a son of his uncle. At an earlier hearing, in another case involving the entry of a member of this uncle's family, both of these witnesses, after testifying respecting the death of appellant's alleged father, stated that he "left no family." True, there may have been a mistake on the part of the interpreter, or, as argued, the meaning may have been that his father left no family in the United States; but neither contention is thought to be probable.

[2] When we consider the ease with which an imposter could set up the claim made by appellant, the difficulty, if not the impossibility, of refuting it, and the fact that for 40 years he has resided in China, is married, and has grown children, but has never before sought entry into the United States, or taken any steps to establish citizenship, we think the testimony must be scrutinized with great care, and, doing so, we concur in the conclusion, reached by the lower court, that appellant has not sustained the burden of proof; at least, upon such a record the courts cannot with propriety disturb the finding of the immigration officials to that effect.

There being no other question, the judgment is affirmed.